UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KWMAE SANDY,

                Plaintiff,

       -against-

THE CITY OF NEW YORK, and
JOHN DOES 1 through 3,

                Defendants.

08 CV 3241 (GBD) (GWG)

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff Kwmae Sandy, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned plaintiff was a resident of New York County, within the City and State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

3. At all times hereinafter mentioned, defendant John Does 1 through 3 were members of the NYPD, employed, retained, trained and supervised by New York City, and were state actors performing their duties under color of law.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside.

6. That plaintiff timely served a Notice of Claim on the municipal defendant.

7. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

9. At or around 8:00 p.m. on November 8, 2007, plaintiff, who was returning home from work, was lawfully present in the passenger seat of a motor vehicle stopped in front of plaintiff's residence at 2130 First Avenue, in New York County, New York.

10. Defendant officers approached the vehicle and demanded that plaintiff and the driver exit the vehicle. The plaintiff and the driver were then seized and searched by the defendants just outside the vehicle.

11. At no time did the defendants have sufficient legal cause to detain, search and/or arrest plaintiff, nor was there a reasonable basis for defendants to believe that such cause existed.

12. At no time did the defendants have sufficient legal cause or consent to enter or search any part of the automobile, nor was there a reasonable basis for defendants to

believe that such cause or consent existed.

13. Notwithstanding the lack of probable cause for his arrest, defendant officers then placed plaintiff under arrest, and transported him to the NYPD station house for the 23rd precinct, where plaintiff was strip searched and incarcerated.

14. Plaintiff was subsequently transferred to another station house, and then taken Central Booking, where he was detained for a further period of time.

15. At about 4:00 p.m., November 9, 2007, plaintiff was released by defendants after the New York County District Attorney's Office declined to prosecute charges against him.

16. That at all times relevant herein, the defendants, including NYPD employees and police officers, were acting within the scope of their employment and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

17. Plaintiff repeats the allegations contained in paragraphs "1" through "16" above as though stated fully herein.

18. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

19. Defendants willfully and intentionally subjected plaintiff to excessive force by employing more than what was reasonably necessary under the circumstances, and

without a reasonable basis to believe that the use of such force was necessary.

20. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, and unlawful searches of person and property, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments thereto.

21. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**SECOND CAUSE OF ACTION**

22. Plaintiff repeats the allegations contained in paragraphs "1" through "21" above as though stated fully herein.

23. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 23rd precinct specifically.

24. Upon information and belief, defendant knew that there was inadequate supervision within the NYPD precinct on and prior to November 8, 2007, and that NYPD guidelines, as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD members. Despite the prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and

proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiff herein.

25. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

26. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### THIRD CAUSE OF ACTION

27. Plaintiff repeats the allegations contained in paragraphs "1" through "26" above as though stated fully herein.

28. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

29. That the defendant, City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal

rights and remedies.

30. Such actions are believed to be comprised of, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

31. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983, and thereby deprived plaintiff of her right to equal protection under the law and impeded the due course of justice, in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of New York, and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### FOURTH CAUSE OF ACTION

32. Plaintiff repeats the allegations contained in paragraphs "1" through "31" above as though stated fully herein.

33. Defendant's violation of plaintiff's constitutional rights was motivated by defendants' racial animus towards plaintiff and was knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws on the basis of her race.

34. By reason of the foregoing, defendants violated 42 U.S.C. § 1981 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### FIFTH CAUSE OF ACTION

35. Plaintiff repeats the allegations contained in paragraphs "1" through "34" above as though stated fully herein.

36. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, strip searched, and held in custody by the defendants.

37. At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for seizing, arresting, detaining, and searching plaintiff, and seeking to commence process, and said conduct, was unlawful.

38. The defendants are therefore liable to plaintiff for excessive force, and false arrest and imprisonment.

39. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### SIXTH CAUSE OF ACTION

40. Plaintiff repeats the allegations contained in paragraphs "1" through "39" above as though stated fully herein.

41. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and

necessary permissible police and law enforcement conduct with respect to any interaction with plaintiff.

42. The police and law enforcement conduct engaged in and rendered to plaintiff by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

43. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiff was caused to sustain severe and irreparable personal injury and damage.

44. By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**SEVENTH CAUSE OF ACTION**

45. Plaintiff repeats the allegations contained in paragraphs "1" through "44" above as though stated fully herein.

46. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 23rd precinct specifically.

47. Upon information and belief, defendant knew that there was inadequate supervision within the 23rd precinct on and prior to February 3, 2007, and that NYPD guidelines,

as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD members. Despite the prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiff herein.

48. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

49. By reason thereof, defendant is liable to plaintiff for its negligent supervision and retention of NYPD employees and agents, and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**EIGHTH CAUSE OF ACTION**

50. Plaintiff repeats the allegations contained in paragraphs "1" through "49" above as though stated fully herein.

51. Defendants willfully and intentionally seized, searched, battered, and arrested plaintiff without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under Article 1, §§11, 12 of the Constitution of the State of New York.

52. Defendants' violation of plaintiffs' state constitutional rights was

knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws of the State of New York.

53. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendants jointly and severally as follows:

  i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

  ii. on the second cause of action actual and punitive damages in an amount to be determined at trial;

  iii. on the third cause of action actual damages in an amount to be determined at trial;

  iv. on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

  v. on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

  vi. on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

  vii. on the seventh cause of action actual and punitive damages in an amount to be determined at trial;

    viii.    on the eighth cause of action actual and punitive damages in an amount to be determined at trial;

    ix.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    x.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
March 20, 2008

                    REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242
(718) 522-1743