UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KWMAE SANDY,

                                  Plaintiff,

                  -against-

THE CITY OF NEW YORK, and JOHN DOES 1 through 3,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

08 CV 3241 (GBD)(GWG)

        The City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits plaintiff purports to base venue as stated therein.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York on or about December 6, 2007.

7.      Denies the allegations set forth in paragraph "7" of the complaint, except admits that the purported claim has not been adjusted or paid.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff filed the complaint with the Court on or about April 1, 2008.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except admits that on or about November 8, 2007, at or about 9:00 p.m., plaintiff was in the vicinity of 110th Street and First Avenue, New York, New York.

10.     Denies the allegations set forth in paragraph "10" of the complaint.

11.     Denies the allegations set forth in paragraph "11" of the complaint.

12.     Denies the allegations set forth in paragraph "12" of the complaint.

13.     Denies the allegations set forth in paragraph "13" of the complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Paragraph "16" of the complaint is a conclusion of law, and not an averment of fact.  Accordingly, no response is required.

17.    In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-16" inclusive of its answer, as if fully set forth herein.

18.    Denies the allegations set forth in paragraph "18" of the complaint.

19.    Denies the allegations set forth in paragraph "19" of the complaint.

20.    Denies the allegations set forth in paragraph "20" of the complaint.

21.    Denies the allegations set forth in paragraph "21" of the complaint.

22.    In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-21" inclusive of its answer, as if fully set forth herein.

23.    Denies the allegations set forth in paragraph "23" of the complaint and respectfully refers the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

24.    Denies the allegations set forth in paragraph "24" of the complaint.

25.    Denies the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-26" inclusive of its answer, as if fully set forth herein.

28.    Paragraph "28" of the complaint is a conclusion of law, and not an averment of fact.  Accordingly, no response is required.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    Denies the allegations set forth in paragraph "30" of the complaint.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-31" inclusive of its answer, as if fully set forth herein.

33.    Denies the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-34" inclusive of its answer, as if fully set forth herein

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.    Denies the allegations set forth in paragraph "39" of the complaint.

40.    In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-39" inclusive of its answer, as if fully set forth herein

41.    Denies the allegations set forth in paragraph "41" of the complaint.

42.    Denies the allegations set forth in paragraph "42" of the complaint.

43.    Denies the allegations set forth in paragraph "43" of the complaint.

44.    Denies the allegations set forth in paragraph "44" of the complaint.

45.    In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-44" inclusive of its answer, as if fully set forth herein.

46.     Denies the allegations set forth in paragraph "46" of the complaint

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-49" inclusive of its answer, as if fully set forth herein.

51.     Denies the allegations set forth in paragraph "51" of the complaint.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable or negligent conduct of others and was not the proximate result of any act of the defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

58.    Plaintiff has failed to comply, in whole or in part, with the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

59.    Plaintiff cannot recover punitive damages from defendant City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

60.    Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

61.    Plaintiff's claims may be barred in part by the applicable period of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

62.    There was probable cause for plaintiff's arrest, detention and prosecution.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                June 12, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendant
                                    100 Church Street, Room 3-209
                                    New York, New York 10007
                                    (212) 788-8684

                          By:     /s/ Maurice L. Hudson
                                    Maurice L. Hudson
                                    Assistant Corporation Counsel


To:      Michael B. Lumer, Esq. (by ECF)
         REIBMAN & WEINER
         *Attorneys for Plaintiff*
         Brooklyn, New York  11242
         (718) 522-1743